In re STEBBINS.

(Supreme Court, Appellate Division, Second Department. June 6, 1899.)

1. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—LISTS OF PERSONS ELIGIBLE.
    Mandamus will not lie to compel the placing of relator's name on a list of those eligible for appointment as high-school teachers in New York City, since no such list is required under the charter of New York City (Laws 1897, c. 378, § 1081), providing for eligible lists of teachers, and that, "except as * * * principal of or teacher in a training school or high school, no person shall be appointed to any educational position whose name does not appear upon the proper list."

2. SAME—VESTED RIGHTS.
    A rule of a board of education prescribing additional qualifications necessary for appointment as principal in a high school does not violate any vested right of one who holds a position as principal of a school, other than

a high school, under a certificate issued at a time when no distinction was made as to qualifications for principals of high schools and other schools.

Appeal from special term.

Appeal by Channing Stebbins from an order denying his application for a writ of peremptory mandamus against the superintendent of schools of the city of New York. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Horace Graves, for appellant.
William J. Carr, for respondent.

PER CURIAM. Before the consolidation of the two cities, the relator had obtained a teacher's certificate, which was known as "Principal's A," in the city of Brooklyn, as to which the by-laws of the board of education in force at the time provided, "The holder of this certificate may be appointed the principal of a school." The relator was appointed the principal of one of the public schools in this city. There was then no by-law making any distinction between a principal of a high school and principals of other schools. The relator urges that on receipt of such certificate he became eligible for the position of the principal of a high school, had the board of education seen fit to appoint him to that place. This may be conceded, but as matter of fact he never was appointed to a high school. Section 1081 of the charter of the city of New York (Laws 1897, c. 378) provides for the appointment of examiners for the examination of teachers, and for the preparation of necessary eligible lists. It directs:

"Except as superintendent or associate superintendent, as supervisor or director of a special branch, as principal of or teacher in a training school or high school, no person shall be appointed to any educational position whose name does not appear upon the proper list."

After consolidation the relator applied to the city superintendent of schools to place his name on the list of those eligible to appointment as principal of a high school in the borough of Brooklyn, and, on the refusal of the superintendent, instituted this proceeding to enforce compliance with his demand. The respondent made affidavit that no eligible list for principals and teachers in high schools had been made, and that the board of education of the consolidated city had prescribed as a requisite for appointment to the high schools additional qualifications beyond those possessed by the relator.

We think it is a complete answer to the application of the relator that there is in fact no eligible list for high-school appointments, nor is any required by law; such a list being expressly excepted from the provisions of the statute. Further, we are at a loss to conceive of any vested rights in the relator which have been violated by the new qualifications prescribed by the board of education. By the issue of a certificate to him he became eligible to appointment as principal of a school, no distinction being drawn between high schools and other schools. He was appointed

principal of a school, and continues in such place. It certainly was within the power of the board of education, upon establishing schools of a higher character than those previously maintained, to prescribe new qualifications for teachers in those schools. The most the relator obtained under his certificate was eligibility to appointment if the board saw fit to appoint him. He obtained no right to an appointment. He therefore had no vested right under his certificate.

The order appealed from should be affirmed, with $10 costs and disbursements.