THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM J. GOLDEY, Respondent, *v.* WILLIAM H. MAXWELL, as City Superintendent of Schools in the City of New York, Appellant.

*Civil service — eligible list made by the superintendent of schools of the city of New York — what names it must contain.*

Section 1081 of the charter of the city of New York (Laws of 1897, chap. 378) provides for the making by the city superintendent of schools of a single list of all persons eligible to appointment as principals of the public schools, which list shall contain the names of those licensed prior to the time when the charter went into effect, as well as the names of those licensed by the board of examiners. The city superintendent, in making up from the eligible list for the use of each school board the special list of those who are eligible for appointment by that particular school board, must include therein the names of those licensed prior to the time when the charter went into effect.

INGRAHAM, J., dissented.

APPEAL by the defendant, William H. Maxwell, as city superintendent of schools in the city of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of August, 1901, granting the relator's motion for a peremptory writ of mandamus.

*William B. Crowell,* for the appellant.

*Lewis L. Delafield,* for the respondent.

Order affirmed, with costs, on opinion of court below.

Present — VAN BRUNT, P. J., O'BRIEN, INGRAHAM, MCLAUGHLIN and HATCH, JJ.; INGRAHAM, J., dissenting.

The following is the opinion of BISCHOFF, JR., J., delivered at Special Term:

BISCHOFF, J.:

Pursuant to section 1103 of the charter of the city of New York (Laws of 1897, chap. 378), appointments of principals of the public schools must be made by the school boards of the several boroughs upon nominations previously made by the board of school superintendents for the particular borough, and from a list of eligible per-

sons transmitted to such school boards by the city superintendent of public schools.    The relator, predicating his right to have his name appear upon such eligible list from the fact that a license as principal was duly issued to him in 1875, in accordance with the law as it was then in force, seeks by mandamus to compel the city superintendent to add his name to such eligible list.    The application is opposed upon the ground that section 1081 of the charter of the city of New York provides for the making of two separate lists, one under the direction of the board of examiners of persons licensed by it after due examination, and the other by the city superintendent of all persons licensed prior to the chapters of the charter involved taking effect, and of all persons thereby expressly exempted from examination.

It appears that in accordance with his construction of section 1081 of the charter, the city superintendent has regularly prepared the latter list, classified into the grades prescribed by the by-laws of the board of education, and the relator's name appears thereon in its proper place, but the former list, that is to say, the list prepared under the direction of the board of examiners, respondent argues is the only list transmitted by the city superintendent to the school boards for the purposes of nominations by the board of superintendents of the various boroughs and appointments therefrom by the school boards.    Obviously the attitude assumed by the city superintendent is untenable since thereby the persons named in the list prepared under the direction of the board of examiners would be ineligible for nomination and appointment to educational positions, such appointments being by the express language of section 1103 of the charter limited to the persons named in the list to be prepared by the city superintendent of public schools.

It would seem, therefore, that the city superintendent has misapprehended the scope of section 1081 of the charter.    Upon careful scrutiny of this provision it will be apparent that the scheme thereof is to provide for a list of persons eligible to appointment, the test of eligibility being the fact that the person named has received a license authorizing him to enter upon the duties of the position for which he has been nominated.    It is clear, too, that the section under review provides for but one original list, and prescribes how it shall

be made up and transmitted to the different school boards for the use thereof.

The functions of the examining board are limited to the examination and certification of candidates for licenses, and its duty ends with the preparation of the eligible list of all submitting to such examiners for examination and license. On the other hand, the city superintendent is required by express provision to keep a list of already licensed persons, to which, within the plain intendment of the statute, it is clear the list of licensed persons from time to time provided by the board of examiners should be added, to the end that there may be one complete list at all times in the city superintendent's office of duly licensed persons qualified for the various positions open to appointment. This eligible list, made up, as I read the statute, of all qualified persons, the city superintendent is required to divide into special lists to be transmitted to and for the use of the several school boards and superintendents of the various boroughs, each special list apparently to name only the persons eligible to appointment by the particular school board to which such special list is sent. The relator's name has been omitted from the special list transmitted to the school board for the boroughs of Manhattan and the Bronx by which he might be appointed as principal, if nominated thereto by the board of superintendents of these boroughs, which is conceded, and consistently with the views expressed as to the intendment of section 1081 of the charter, the mandamus applied for should issue.

This is particularly true for the reason that to construe the provisions as contended for by the city superintendent would necessarily make various provisions thereof inconsistent with each other, while the view indicated gives effect to all of the provisions thereof and is clearly within the intention of the Legislature.

The writ applied for is directed to issue, but without costs as agreed.