(86 App. Div. 537.)

## PEOPLE ex rel. FITZGERALD v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. SCHOOLS—ATTENDANCE OFFICER—DE FACTO OFFICER—CIVIL SERVICE—REINSTATEMENT.

As Greater New York Charter, Laws 1897, p. 404, c. 378, § 1117, providing that members of the educational staff in the public school system of the city as constituted by the act shall continue in office, does not include an attendance officer, he continuing in office does so as a de facto officer, and so, on afterwards being suspended, is not entitled to be placed by the civil service commission on the list for reappointment, under section 1543 (Laws 1901, p. 636, c. 466), relating to persons "legally holding the office or filling the position," and therefore, though erroneously placed on the list, he cannot maintain proceedings to be reinstated to the position.

Appeal from Special Term, Kings County.

Mandamus on the relation of William Fitzgerald against the Board of Education of the City of New York. From an order granting a peremptory writ, respondent appeals. Reversed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

James McKeen (Walter S. Brewster, on the brief), for appellant.
John G. Clark, for the People.

HOOKER, J. This is an appeal by the respondent, the Board of Education of the City of New York, from an order granting a peremptory writ of mandamus compelling the board forthwith to reinstate the relator to the position of attendance officer in the City of New York, to take effect as of the day on which the board appointed three others, to one of whose places the relator claims he was entitled.

In August, 1896, the relator was appointed by the trustees of one of the school districts of the town of Southfield, in Richmond county, as attendance officer of a school, and served in that position until about the 1st day of February, 1898. The county of Richmond was consolidated with, and thereafter became a part of, the city of New York, and by the act of consolidation the several school districts of the county of Richmond, including the school district with which the relator was connected, became a part of the educational system of the city of New York, and the present board of education succeeded to

all the powers and duties of the trustees of said school district. The relator continued in the employ of the board of education from the 1st of February, 1898, to the 31st of March, 1902, performing the duties of an attendance officer, when he was suspended without pay. Thereafter, in the month of February, 1903, three vacancies in the position of attendance officers, the power of appointment of which was in the board of education, occurred, and the board applied to the civil service commission for a list of those persons eligible to the appointment. The relator's name was certified, but the board of education failed to appoint him, and requested a list of names from the civil service commission of persons who could speak the Italian language, for the reason that, in its opinion, such proficiency was required for the best interests of the school districts to which the appointments were to be made. The commission then certified the names of five persons who were qualified in that way, and from that list three appointments were made by the board of education. At the time the relator was suspended without pay his name was placed second upon the list of those persons eligible to be appointed attendance officers, pursuant to the provisions of section 1543 of the amended Greater New York Charter (chapter 466, p. 636, Laws 1901), which reads in part as follows:

"Wherever in any department or institution an office, position or employment is abolished, or made unnecessary, through the operation of this act, or in any other manner, or whenever the number of offices, positions or employments of a certain character is reduced, the person or persons legally holding the office or filling the position or employment thus abolished or made unnecessary shall be deemed to be suspended without pay, and shall be entitled to reinstatement in the same office, position or employment, or in any corresponding or similar office, position or employment, if within one year thereafter there is need for his or their services. Whenever such offices, positions or employments are abolished or made unnecessary, it shall be the duty of the head of the department or institution to furnish the names of the person or persons affected to the municipal civil service commission, with a statement in the case of each of the date of his original appointment in the service. It shall be the duty of the municipal civil service commission forthwith to place the names of such persons upon a list of suspended employees for the office or position or for the class of work in which they have been employed, or for any corresponding or similar office, position or class of work, and to certify the said persons for reinstatement, in the order of their original appointment, before making certifications from any other list."

It is claimed that under the provisions of this section he was properly upon the civil service list for appointment as attendance officer, and that the board of education was without power to reject him, and appoint others whose names did not appear thereon. We are of the opinion, however, that the relator's name erroneously appeared upon the civil service list of persons eligible to be appointed as attendance officer. His continuance as attendance officer after the board of education assumed control of the educational system of the Greater City, and the act of the commission in placing his name upon this list, were evidently prompted by a supposition that the relator was to be carried over into the consolidated city. The relator continued to hold the office after the 1st day of February, 1898, when all appointments made by the board of education terminated except so far as they continued by section 1117 of the Greater New York Charter (Laws

1897, p. 404, c. 378). But, if it was a tenure de facto, it carried with it no right to a continuance in the office, for it has been recently held by this court in People ex rel. Kinney v. White, 64 App. Div. 390, 72 N. Y. Supp. 91, that the words "educational staff," as used in section 1117 of the Greater New York Charter (Laws 1897, p. 404, c. 378), must be construed as having the meaning of the words "teaching staff," and that the expression, "and the other members of the educational staff in the public school system," is not sufficiently broad to include an attendance officer, and for that reason the attendance officers were not carried over into the educational system of Greater New York. Applying this rule, the relator was in possession of his office on the 1st of February not by any legal right. It is not contended that he took the examinations for a place on the civil service lists, but rather it is admitted that his only right to appear upon that list is pursuant to the provisions of section 1543 of the charter, supra.

Applying the principles enunciated in the case of People ex rel. Hannan v. Board of Health, 153 N. Y. 513, 47 N. E. 785, that proceedings may not be brought to restore a relator to a position on the ground that he was illegally discharged, unless the relator himself is possessed of a lawful as contrasted with a de facto title, this relator must be held to be improperly upon the civil service list, and to be entitled, therefore, to no relief against the board of education. The order should be reversed.

Order reversed, with $10 costs and disbursements, and application denied. All concur.