(67 Misc. Rep. 564.)

FITZPATRICK v. BOARD OF EDUCATION OF CITY OF NEW YORK et al.

(Supreme Court, Special Term, New York County. May, 1910.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 133*)—APPOINTMENT OF TEACHERS—PROMOTION.

Where a teacher in the public schools of New York City holds a Grade A license February 1, 1898, she is entitled to appointment or promotion under Greater New York Charter (Laws 1901, c. 466) § 1101, to any position to which she was then eligible by reason of such license, including

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

any position in Grade 8-B, afterwards established, and the Board of education cannot place on an eligible list with her other persons for promotion who have obtained a rating which has led the board of education to include them also in such list, and adding to such list the names of persons who had not held a Grade A license was a violation of such section.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 289–291; Dec. Dig. § 133.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 133*)—TEACHERS—PROMOTION.

A holder of a Grade A license in the public schools of New York City is prejudiced by adding to the list of persons eligible for promotion the names of persons who had not held such licenses, or by the promotion of one not the holder of such a license.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 289–291; Dec. Dig. § 133.*]

3. SCHOOLS AND SCHOOL DISTRICTS (§ 133*)—APPOINTMENT OF TEACHERS—DISCRIMINATION—PUBLIC SCHOOL CERTIFICATES.

Greater New York Charter (Laws 1901, c. 466) § 1101, is not unconstitutional because discriminating as to promotion between the holders of Grade A licenses in the public schools issued prior to February 1, 1898, and holders of such licenses issued between February 1, 1898, and April 22, 1901, since it discriminates merely between various classes of city employés.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 289–291; Dec. Dig. § 133.*]

Action by May F. Fitzpatrick against the Board of Education of the City of New York and others. Motion for injunction. Motion granted.

Helen K. Hoy (J. Hampden Dougherty, of counsel), for plaintiff.
Archibald R. Watson, Corp. Counsel (Abraham Stern, of counsel), for defendants.

BLANCHARD, J. The plaintiff herein is a teacher in public school No. 43, in the borough of Brooklyn, and is the holder of a license known as "Grade A" license, issued to her about 20 years ago, and has a rating as high as that accorded to any other candidate for the vacancy recently created in said school by the establishment of a new 8-B grade or graduating class. The plaintiff has applied for promotion to this class, but the board of superintendents, to whom the charter in the first instance gives power of appointment and of promotion of teachers, has selected David Goldwasser, a resident of Manhattan, who is not a holder of the Grade A license above mentioned. Accordingly, the plaintiff has begun this action to restrain the board of education from appointing said Goldwasser to this position.

Section 1101 of the Greater New York charter (Laws 1901, c. 466) provides:

"All licenses to teach or certificates of qualification for teaching granted by the superintendent of public instruction of the city of Brooklyn or by the authority of the board of education of said city of Brooklyn, prior to February 1st, eighteen hundred and ninety-eight, or recognized by the board of education of the said city of Brooklyn or the state superintendent of public instruction as in force at that date in said city shall, unless revoked for cause by the said superintendent of public instruction, be recognized by the city superintendent of schools and the board of examiners of the city of New York as in

full force and shall entitle the holders to appointment or promotion to any position to which they were respectively eligible by the possession of such license or certificate."

This section has been construed to require that teachers of the public schools from the city of Brooklyn, holding licenses known as "Grade A," eligible to appointment and promotion to any grammar grade, are by virtue of this section eligible to appointment in the schools of the new city; that the board of education has no authority to enact by-laws requiring examinations or qualifications in addition to holding such license to make them eligible for promotion to any grade in the last two years of the elementary course (which includes Grade 8-B above mentioned); that such licenses are continued in force by this section and the holders thereof are entitled to promotion in the new city to any position to which they were respectively entitled under their licenses in the former city of Brooklyn; that the board of education has no power by by-laws or otherwise to deprive the holders of such licenses of any rights under them to which they were formerly entitled in the former city; that the duty imposed upon school authorities to place the names of holders of Grade A licenses upon a special list of those eligible for promotion is not discretionary, but ministerial, and a writ of mandamus will lie to compel its performance.   Brooklyn Teachers' Ass'n v. Board of Education, 85 App. Div. 47, 83 N. Y. Supp. 1. Compare, also, Bogert v. Board of Education, 44 Misc. Rep. 10, 89 N. Y. Supp. 737; affirmed 106 App. Div. 56, 94 N. Y. Supp. 180; Shaul v. Board of Education, 108 App. Div. 19, 95 N. Y. Supp. 479.

Under the section above quoted as interpreted in the decision first above cited, it is clear that such rights of promotion as the plaintiff had prior to February 1, 1908, cannot be prejudiced or altered by any action whatsoever by the board of education.   It is conceded that those rights included eligibility to the promotion in question.   The board of education contends that it has not violated the rule of the section and the decisions above mentioned; that the right of the plaintiff to the promotion in question has been recognized by placing her upon a list of persons eligible for promotion, consisting of the holders of Grade A licenses and also of certain other persons who by examinations and other qualifications have attained a rating which has caused the board of education to include them also in the list of persons eligible to promotion.   The plaintiff contends that, in adding to the list of persons eligible to such promotion the names of persons who do not hold Grade A licenses, the board of education has acted in violation of section 1101 and in derogation of the plaintiff's rights as a holder of a Grade A license.

The board of education relies upon section 1090 of the Greater New York charter in support of its contention that the list of persons eligible to the promotion in question may include persons other than holders of Grade A licenses.   The section provides:

"The nominations provided for above must be made from the list of properly certified principals and teachers and other persons eligible for service in the positions to be filled, in the regular order of the standing of the candidates on said lists, provided, however, that the board of superintendents may consider for each appointment the three persons whose names are highest on

the appropriate eligible lists. Existing eligible lists in the City of New York and the relative standing of persons whose names are on said lists shall not be affected by the passage of this act."

The power and authority which the board of education seeks to assert might wisely have been conferred upon it by the Legislature. Nothing in the section above quoted, however, specifically gives the board of education the authority which it seeks to derive therefrom. The last sentence in the passage above quoted would seem expressly to require the board of education to observe the eligible lists which existed when the section took effect, including the list of holders of Grade A licenses. In view of the language of section 1101 and the interpretation placed thereon by the courts, it seems that the board of education has no power to affect the right of promotion of the holders of Grade A licenses by affording to persons other than the holders of such licenses an opportunity for promotion equal to or greater than that afforded by such licenses on February 1, 1898.

The board of education contends that the plaintiff is not a proper party to apply for the present injunction, because she has not shown that she is aggrieved by the contemplated action of the board of education. Granting that the plaintiff may not be entitled to the promotion in question over all other holders of Grade A licenses who are eligible for promotion, nevertheless the opportunity and prospects of promotion of the plaintiff are obviously prejudiced by adding to the list of persons eligible for promotion the names of persons who do not hold Grade A licenses, and a fortiori the plaintiff is prejudiced if a person is promoted to the position who is not the holder of such a license.

The board of education contends that section 1101 above quoted is unconstitutional, in that it arbitrarily discriminates between the holders of Grade A licenses issued prior to February 1, 1898, and holders of such licenses issued between February 1, 1898, and April 22, 1901. In view of the fact that the constitutionality of section 1101 escaped criticism in Matter of Bklyn. Teachers' Ass'n, supra, and was expressly enforced and applied therein, this court would not be justified upon this motion in treating the statute as unconstitutional. Since the statute discriminated merely between various classes of city employés, it may well be doubted whether any capricious classification which it might involve could render it unconstitutional. People ex rel. Callahan v. Board of Education, 174 N. Y. 169, 66 N. E. 674. Compare People ex rel. Kinney v. White, 64 App. Div. 390, 72 N. Y. Supp. 91, and People ex rel. Fitzgerald v. Board of Education, 86 App. Div. 537, 83 N. Y. Supp. 803. Furthermore, upon the present record, the court is not satisfied that the classification involved in the statute is necessarily capricious. The motion for an injunction is therefore granted.

Motion granted.