PEOPLE ex rel. O'CONNOR v. CREELMAN et al.

(Supreme Court, Special Term, New York County. May 22, 1912.)

MUNICIPAL CORPORATIONS (§ 191*)—CIVIL SERVICE—REINSTATEMENT OF RE-
MOVED OFFICER.

　　Municipal Civil Service Commission Rules, rule 13, pars. 3, 4, as pre-
scribed December 4, 1903, with amendments to July 22, 1909, provide for
the reinstatement, without examination, of one who has been removed
from a permanent competitive position only where there is no fault on
his part, and the board of health cannot reinstate a medical inspector
who has been removed after being duly convicted of falsifying his reports.

　　[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
525–529; Dec. Dig. § 191.*]

Motion for mandamus by the People, on the relation of Charles G. O'Connor, against James Creelman and others. Denied.

Alfred J. Tally, for relator.

Archibald R. Watson, Corp. Counsel (Elliott S. Benedict, Asst. Corp. Counsel, of counsel), for respondents.

BLANCHARD, J. This is a motion for a writ of mandamus requiring the respondents, who constitute the municipal civil service commission of the city of New York, to recertify the relator to the position of medical inspector of the department of health. The relator was a medical inspector in the division of child hygiene, and was dismissed from the service by the unanimous vote of the commissioners of health on the 4th day of April, 1911. The board at that time consisted of Dr. Alva H. Doty, health officer, James C. Cropsey, police commissioner, and Ernest J. Lederle, commissioner. Subsequently the personnel of the board was changed, and on the 27th day of February, 1912, consisted of Joseph J. O'Connell, health officer of the

port, Rhinelander Waldo, police commissioner, and Ernest J. Lederle, commissioner. A motion was made on the last-mentioned date, and a resolution was adopted, reopening the case of Dr. O'Connor, and he was given a rehearing upon said charges on March 5, 1912. Commissioners O'Connell and Waldo voted aye to a resolution declaring him not guilty, and further voted to reinstate Dr. O'Connor without punishment. The vote of Commissioner Ernest J. Lederle was recorded against both resolutions.

The relator claims the right to have the respondent board certify his reinstatement, under paragraphs 3 and 4 of rule 13 of the Rules of the Municipal Civil Service Commission, as prescribed December 4, 1903, with amendments to July 22, 1909. These paragraphs in brief provide that where a person has resigned from a permanent. competitive position, or has been removed for any act other than fault or delinquency on his part, he may be reinstated without examination at any time within one year from the date of such separation. It is further claimed by the relator that, under paragraph 4 of the said rules, no discretion is reposed in the commission, but that upon the request of the appointing officer, stating the facts regarding reinstatement, it becomes the duty of the commission to certify the reinstatement. My opinion is that these rules provide for a reinstatement without examination only where there was no fault or delinquency on the part of the person removed. The relator cites no authority in support of the application empowering the board of health to review its action in removing a person for a fault or delinquency on his part. The relator was duly convicted of falsification of reports while acting as medical inspector, and, as has been said, it does not appear upon what authority the board acted when it made its order of reinstatement. The board of health has only such authority as is expressly or by necessary implication conferred upon it, and in order to place the relator in the position of being entitled to a certificate of reinstatement it must appear that the reinstating body had authority to so act.

Motion denied, with costs.