(82 Misc. Rep. 679.)

PEOPLE ex rel. DORAN v. GALLAGHER et al.

(Supreme Court, Special Term, New York County. November 7, 1913.)

1. MUNICIPAL CORPORATIONS (§ 218*)—CIVIL SERVICE EMPLOYÉS—RESIGNATION —DISMISSAL.

Acceptance of the resignation of an employé under the Municipal Civil Service renders him eligible for reinstatement and reappointment, while dismissal for cause precludes reinstatement.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 589–598; Dec. Dig. § 218.*]

2. MUNICIPAL CORPORATIONS (§ 218*)—CIVIL SERVICE EMPLOYÉ—DISCHARGE— AUTHORITY OF COMPTROLLER—EFFECT.

The comptroller, having been given authority by Greater New York Charter (Laws 1901, c. 466) § 1543, to remove a clerk in the department of finance for cause, and having removed relator for alleged absence from office without leave, the comptroller's power was exhausted, and he had no right to rescind such action and accept relator's resignation, to take effect on the date of removal, so as to render him eligible to reappointment.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 589–598; Dec. Dig. § 218.*]

3. MUNICIPAL CORPORATIONS (§ 217*) — EMPLOYÉS — REMOVAL — CIVIL SERVICE COMMISSION.

Where the comptroller of the city of New York, having lawfully removed relator for cause, thereafter without authority set aside such action and accepted relator's resignation, so as to render him eligible to reappointment, the Municipal Civil Service Commission had no power

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

thereafter to reinstate relator and appoint him to a clerkship in another department.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 576, 577, 579, 580; Dec. Dig. § 217.*]

Motion for peremptory writ of mandamus by the People, on relation of Frank R. Doran, against Frank Gallagher and others, constituting the Municipal Civil Service Commission of New York City and Henry S. Thompson, Commissioner of Water Supply, Gas and Electricity. Writ denied.

Alfred J. Talley, of New York City (Denis R. O'Brien, of New York City, of counsel), for relator.

Archibald R. Watson, Corp. Counsel, of New York City (Elliot S. Benedict, of New York City, of counsel), for respondent.

SEABURY, J.   This is an application for a peremptory writ of mandamus. It is applied for by one who claims to have been a clerk in the Department of Water Supply, Gas, and Electricity of the City of New York. The relief sought is that the writ shall compel the certification of relator's pay roll, and direct the commissioner of that department to reinstate him in his position of clerk in said department. The facts are undisputed. In March, 1908, relator, after duly qualifying, was appointed a clerk in the department of finance. On June 30, 1910, he was removed from this position by the comptroller of the city of New York, and the ground assigned for such removal was "absence from duty without leave." On April 3, 1911, the comptroller notified the Municipal Civil Service Commission that he had rescinded relator's dismissal and had accepted his resignation, to take effect as of the date of his dismissal. The comptroller requested that relator's record on the files of the Municipal Civil Service Commission be amended accordingly. On April 6, 1911, the Municipal Civil Service Commission, by resolution adopted, granted the request of the comptroller, and amended its records accordingly. On June 13, 1911, the Commissioner of Water Supply, Gas, and Electricity requested the Municipal Civil Service Commission to certify relator's name for reinstatement in that department. On June 16, 1911, the Municipal Civil Service Commission did this, and on June 20, 1911, relator was appointed to the position of clerk in the Department of Water Supply, Gas, and Electricity. Relator performed the duties of this office until August 28, 1913, when the Commissioner of Water Supply, Gas, and Electricity notified him that the Municipal Civil Service Commission had refused to certify his pay roll, and that it had rescinded its certificate of reinstatement issued on relator's original appointment to the Department of Water Supply, Gas, and Electricity, and that therefore relator could not continue in his position. The relator contends that the Municipal Civil Service Commission was without authority to rescind its previous action, and that therefore the action of that commission on August 28, 1913, which attempted to rescind the action of April 6, 1911, reinstating the relator, was invalid. The respondent contends that the action of the comptroller on April

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3, 1911, attempting to rescind relator's dismissal and construing his previous action to be the acceptance of the relator's resignation was invalid.

[1] The legal effect of the comptroller's action, if valid, was to make the relator eligible for reinstatement. If the rescission by the comptroller of his order dismissing the relator was invalid, it follows that the relator could not have been lawfully reinstated, and it will be unnecessary to consider the authority of the Municipal Civil Service Commission on August 28, 1913, in rescinding their certificate of reinstatement issued on relator's original appointment to the Department of Water Supply, Gas and Electricity.

[2] The comptroller had authority, under section 1543 of the Greater New York Charter, to remove the relator for cause. This authority he exercised on June 30, 1910, when he removed the relator and assigned absence without leave as the ground for his action. Having taken this action, the comptroller was functus officio, unless the relator can point to some statutory authority which vested in the comptroller the right to rescind such action. My attention has not been called to any such statutory authority. If the comptroller could not directly rescind his order of removal, it follows that he could not accomplish the same purpose by construing his order of removal as an acceptance of the resignation of the relator. The relator, having been dismissed, could not *resign* until he was again vested with the office. The order of dismissal was an entirely different action from the act of accepting a resignation, both in its nature and its legal consequences. If the relator was dismissed for fault or delinquency, he could not be reinstated by the Municipal Civil Service Commission, whereas, if the relator had resigned, and his resignation had been accepted, it would be competent for the Municipal Civil Service Commission to place the relator's name upon a list of those eligible for reinstatement. The Comptroller of the city of New York is an officer of limited powers, and his authority to act in reference to appointments and removals is defined by statute. Such officers are clothed by statute with special and limited jurisdiction, and cannot sit in review of their own orders and vacate them once they have been lawfully performed. People ex rel. Van Petten v. Cobb, 13 App. Div. 56, 59, 43 N. Y. Supp. 120; People ex rel. O'Connor v. Creelman, 77 Misc. Rep. 23, 135 N. Y. Supp. 781; People ex rel. Looram v. Henderson, 77 Misc. Rep. 25, 135 N. Y. Supp. 782.

[3] The comptroller being without power to rescind his order of removal, no act of the Municipal Civil Service Commission could validate that action, nor can the action of the Municipal Civil Service Commission in recognizing the action of the comptroller alter the character of that action, or confer upon the relator any greater rights than he would have had if the Municipal Civil Service Commission had taken no action at all in his case. The rescission of the order of dismissal by the comptroller being invalid, the act of the Municipal Civil Service Commission in issuing a certificate of reinstatement, which was predicated upon the comptroller's rescission of the order of dismissal, was also void. The certificate of reinstatement

being void, the relator was ineligible to appointment as a clerk in the Department of Water Supply, Gas, and Electricity. Not having any status as a clerk in the Department of Water Supply, Gas, and Electricity, the relator was liable to removal from that department at any time the facts became known, without being accorded any opportunity of making an explanation under section 1543 of the Greater New York Charter. People ex rel. Hannan v. Board of Health, 153 N. Y. 513, 518, 47 N. E. 785; People ex rel. Krushinsky v. Martin, 91 Hun, 425, 36 N. Y. Supp. 851; People ex rel. Fitzgerald v. Board of Education, 86 App. Div. 537, 83 N. Y. Supp. 803. The application of these rules in this case seems to me to be required by authority and reason. The relator is not subjected to a hardship or made the victim of the application of technical rules. The affidavits submitted show that when the relator was originally dismissed from the comptroller's office the ground assigned for such action was "absence from duty without leave." Notwithstanding the ground assigned, it appears that while the relator was in that position he had appropriated funds of the city to his own use. When the Municipal Civil Service Commission assumed, without legal authority, to treat his dismissal as a resignation, and reinstated him upon the list of those eligible for appointment, these facts were not known to the members of that commission. When these facts became known, the Municipal Civil Service Commission attempted to rescind their action reinstating the relator. Assuming that this action on their part was illegal, it is apparent from what has been said that that fact in no way improves the position of the relator, because the comptroller having dismissed him from the service, that official exhausted his power over the case.

Motion denied.