Bijur, J.
These are cross-motions, one by plaintiff for judgment on the pleadings and one by the defendant Finkenthal to sustain a demurrer to the complaint interposed on the ground that the complaint does not set forth facts sufficient to constitute a cause of action and that there has been a misjoinder of causes of action. It appears from the complaint that plaintiff on Decern *637 ber 21,1915, rented from defendant corporation for the term of over five years a store in a block of buildings owned by the corporation. The lease contained the following provision: “And the said party of the second part covenants and agrees to use the said rented premises only for the sale of dry goods and men’s and boys’ shirts, collars, ties, socks and handkerchiefs, and the landlord hereby agrees that he will not rent any other store in the block, from Post to Sherman avenues, for the sale of any of the foregoing articles, but it is understood that the tenant takes this lease subject to the provision of the existing leases giving the other tenants the right to sell ladies’ waists, dresses, infants’ wear, cloaks, suits, ladies’ gloves, corsets and hosiery.” This lease was recorded in the register’s office January 15, 1916. On March 17, 1919, defendant Finkenthal rented a store from the same landlord in the same block for a term of two years, his lease containing the covenant “ that the said party of the second part (tenant) further covenants and agrees to use said rented premises only for the sale of ladies’ gloves, corsets and hosiery.” The complaint, after the further allegation that defendant Finkenthal “ is now selling goods, to wit, handkerchiefs, boudoir caps and underwear not expressly or impliedly permitted in his said lease,” all of which articles are alleged to be dry goods, asks that by reason of the absence of an adequate remedy at law the defendants be enjoined from further violation of the exclusive privilege granted to plaintiff herein first above set forth. The demurrer is sought to be sustained upon two contentions, first, that “ the leases being under seal, no cause of action at law or in equity lies in favor of plaintiff against the defendant Finkenthal.” Case v. Case, 203 N. Y. 263, is cited as authority for this proposition. The opinion in that case, however, indicates plainly both by its *638 language and by its reference to Briggs v. Partridge, 64 N. Y. 357, that what was there decided was that an instrument under seal cannot be enforced by a stranger not mentioned in it on the theory that he is a party to it, as, for example, an undisclosed principal. Reference is made in the opinion, however, to the theory that the plaintiff might have enforced the contract as one “ made for his benefit,” and the distinction mentioned by Andrews, J., in Durnherr v. Rau, 135 N. Y. 219, is emphasized to the effect that: “ It is not sufficient that the performance of the covenant may benefit a third person. It must have been entered into for his benefit, or at least such benefit must be the direct result of performance and so within the contemplation of the parties,” etc. The mere fact, therefore, that the lease of the defendant Finkenthal is under seal is no reason why a covenant therein may not be enforced by the plaintiff, provided it comes within the distinction pointed out by Judge Andrews of covenants so enforcible. There is ample authority for the application of the doctrine of Lawrence v. Fox, 20 N. Y. 268, to instruments under seal as well as to unsealed instruments. Burr v. Beers, 24 N. Y. 180, and the numerous cases which have followed it. It seems to me, however, that if he relied upon the doctrine announced in Burr v. Beers plaintiff must necessarily be impaled upon the other horn of the dilemma, namely, that he is joining the defendant Finkenthal in a cause of action upon the restrictive covenant in Finkenthal’s lease with a cause of action against defendant Rosensweig upon a similar covenant in Rosensweig’s lease which contains different terms made under different circumstances and at a different period (which, by the way, happens to be long before the execution of plaintiff’s lease). Plaintiff does not satisfactorily meet this difficulty by urging that his cause of action depends upon his own *639 lease, for if the doctrine of Lawrence v. Fox be invoked by him at all, it can only be in reference to the respective leases of Finkenthal and Rosensweig. I think, however, that the plaintiff has an undoubted! cause of action in equity to enforce an incumbrance placed by the landlord upon his own property for plaintiff’s express benefit, or, as it is sometimes termed, to avail of an equitable servitude in his favor. This right has received conscious judicial recognition since Tulk v. Moxhay, 2 Phil. 774 (1848), and has been enforced in innumerable cases in this state, for example, Booth v. Knip, 225 N. Y. 390; Korn v. Campbell, 192 id. 490; Flynn v. New York, W. & B. R. R. Co., 218 id. 140; Bull v. Burton, 227 id. 101, and the cases there cited. It is foreign to the present purpose to analyze the basis of the plaintiff’s right, namely, whether it be contractual or founded upon the theory of a servitude enforcible in equity at the instance of the complainant. See article on the Progress of the Law, subtitle “ Equitable Servitudes,” by Prof. Roscoe Pound, in the Harvard Law Review for April, 1920, at page 813. Suffice it' that the right is recognized and enforced in our courts, and has, indeed, been applied without question, or even discussion, in a case practically on all fours with the instant case, namely, Waldorf-Astoria Cigar Co. v. Solomon, 109 App. Div. 65; affd., on opinion below, 184 N. Y. 584. If, upon minute analysis, any, point of distinction can be found between the two cases it is only that, as the opinion there mentions, the real defendant, the Acker, Merrall & Condit Company, had actual notice of the plaintiff’s privilege, namely, the restriction in the use of the premises as against all parties other than the plaintiff. In the instant case — and passing by the question whether the recording of the plaintiff’s lease was not constructive notice to the’ world of his peculiar rights and the resultant restrie *640 tion upon others — it is to my mind decisive that plaintiff’s equity against defendant is, if I may be permitted the term, even stronger than if the defendant had had actual notice, because the defendant has expressly covenanted to limit his use of the premises so as not to invade plaintiff’s rights therein. The basis of plaintiff’s rights, as I have analyzed it, disposes of the second ground of demurrer, i. e., improper joinder of causes of action, because it is clear that’ plaintiff has but one cause of action to enforce a servitude in his favor against the landlord and all other persons who may be equitably held bound by or subject to it. Defendant'makes a subsidiary point to the effect that the exclusive right granted to plaintiff in the clause of his lease first quoted for the sale of “ dry goods and men’s and boys’ shirts,” etc., must be construed in accordance with the doctrine of ejusdem generis, and that consequently the first words “ dry goods ” must be read as limited by the subsequent restrictive words “ men’s and boys’ shirts,” etc. In the first place, the rule as generally applied is just to the contrary. In a list of terms subsequent categories of general import have been held to be limited by prior categories of more restricted meaning. Matter of Robinson, 203 N. Y. 380, 386; Burks v. Bosso, 180 id. 341, 344; Hickey v. Taaffe, 99 id. 204, 209; Wakefield v. Fargo, 90 id. 213; 218; Matter of Hermance, 71 id. 481, 487; People ex rel. Kinney v. White, 64 App. Div. 390, 392. But whatever may be the correct application of the doctrine to the instant case we have á construction plainly indicated by the very parties to' plaintiff’s lease, namely, his landlord and himself. In the same clause they stipulate that the tenant ' ‘ takes this lease subject to the provision of the existing leases giving other tenants the right to sell ladies’ waists, dresses, infants’ wear, cloaks,” etc. It is quite *641 plain that if the plaintiff and his landlord understood that there was being accorded to him the exclusive right to sell only men’s and boys’ shirts, collars, etc., it would have been quite superfluous to add that this right was subject to the right of others to sell “ ladies’ waists * * * infants’ wear,” etc. The enumeration of the latter articles can be explained only on the theory that they are as matter of common knowledge usually regarded as dry goods, and that the plaintiff’s right to sell dry goods, as well as men’s and boys’ haberdashery, was to be limited in the manner specified. Plaintiff’s motion is granted, with ten dollars costs, and defendant’s motion is denied, with ten dollars costs, with leave, however, to demurrant to withdraw his demurrer if he be so advised and answer over within twenty days upon payment of said costs and of the costs of action before trial.
Ordered accordingly.